**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| § | **CASE NUMBER 6:22-CR-00045-JDK** |
| **v.** § | |
| § | |
| § | |
| § | |
| **CHRISTOPHER DOUGLAS CALLAN,** § | |
| § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On October 4, 2022, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Christopher Douglas Callan. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matt Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Manufacture, Possess With Intent to Distribute, and to Distribute a Controlled Substance, a Class A felony. The offense carried maximum imprisonment term of life. The United Sentencing Guideline range, based on a total offense level of 38 and a criminal history category of VI, was 360 months to life. Defendant was granted a downward departure resulting in a 5 level reduction with a new offense level of 33 and an imprisonment range of 235 to 293 months. On December 19, 2002, District Judge Barefoot Sanders of the Northern District of Texas sentenced Defendant to 235 months imprisonment followed by a 5-year term of supervised release subject to standard conditions of release, plus special conditions to include drug after-care and a $100.00 special assessment. On June 28, 2019,

1

Defendant completed his period of imprisonment and began service of the supervision term. On March 24, 2022, a transfer of jurisdiction was approved to this District.

Under the terms of supervised release, Defendant was required to participate in a random drug testing program. In its petition, the government alleges that Defendant violated his conditions of supervised release when he failed to provide a random urine specimen as required by his drug testing program.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release when he failed to provide a random urine specimen as required by his drug testing program, Defendant will have committed a Grade C violation. U.S.S.G. §7B1.1(a). Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the condition of supervised release referenced above by committing the acts as alleged in the government's petition. In addition, the parties agreed to recommend to the court a sentence above the advisory guideline range of 17 months imprisonment, with credit for time served from July 23, 2022, with no supervised release to follow. As rationale for an upward departure, the parties pointed to the petition in this case alleging four positive tests for methamphetamine. Under Fifth Circuit precedent, positive tests can be considered possession which results in a Grade B violation and a 21 to 24 month imprisonment guideline range. However, prior to being arrested on the instant supervised release petition Defendant had recognized his severe drug addiction and sought help from a drug treatment

program. The recommended sentence attempts to balance Defendant's drug use with his desire to conquer such addiction. The court agrees with the parties' compromise recommendation and therefore finds that an upward departure is appropriate.

Pursuant to the Sentencing Reform Act of 1984, the court **RECOMMENDS** that Defendant Christopher Callan be sentenced to 17 months imprisonment, with credit for time served from July 23, 2022, with no supervised release to follow. The court **RECOMMENDS** that the place of confinement by FCI Seagoville, or alternatively Beaumont, and that Defendant receive drug treatment if available. The parties waived their objections and therefore this matter will be immediately presented to the district judge for consideration.

**So ORDERED and SIGNED this 4th day of October, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE